**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOHN JOYCE<br><br>Plaintiff<br><br>v.<br><br>MUNICIPALITY OF SAN JUAN; OPTIMA SEGUROS; LUMA ENERGY, LLC; LUMA ENERGY SERVCO, LLC; X, Y, AND Z COMPANIES; A, B, AND C INSURANCE COMPANY; | Civil no.<br><br>Plaintiff Demands<br><br>Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW**, the Plaintiff, John Joyce, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

**I. <u>THE PARTIES</u>**

1. Plaintiff, Mr. John Joyce ("Mr. Joyce") is of legal age, single, and domiciled in the State of Massachusetts.
2. Defendant, the Municipality of San Juan, is a Puerto Rico government entity with the capacity to sue and be sued, and that is the owner and responsible entity for the municipal manhole installed in the middle of the municipal sidewalk on

Calle Iturriaga, near la Placita de Santurce, San Juan Puerto Rico.

3. Optima Seguros, is a Puerto Rico insurance company, with principal offices located in Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect one or more insurance policies to cover the legal liability of the Municipality of San Juan for accidents due to negligence.

4. By information and belief, LUMA Energy, LLC is a limited liability company duly registered in the Commonwealth of Puerto Rico, with principal offices located in Puerto Rico, that is the manager of and the operator of Puerto Rico's entire electrical transmission and distribution system. At the time of the accident described in this complaint, it was the entity that either was the owner of and/or the one in charge to provide lighting at the street and sidewalk at the accident area and maintenance services and to the streetlamps described in this complaint, which failed to provide adequate lighting contributing to the accident suffered by Mr. Joyce.

5. LUMA Energy LLC ("LUMA") is the sole member of LUMA Energy Servco, LLC. The members of LUMA Energy, LLC are Quanta Utility Operations, LLC and 2240385 Alberta Ltd. The first a Texas entity and the second a Canadian entity. Each of the members of LUMA Energy LLC own 50% of the LUM Energy, LLC.

6. Quanta Utility Operations, LLC's sole member is Quanta Services, Inc., a Texas entity, with principal offices located in the State of Texas

7. 2240385 Albert Ltd. is solely owned by Canadian Utilities Limited, a Canadian corporation controlled by ATCO Ltd., a publicly traded company, with principal offices located in Canada.

8. The LUMA defendants are both Puerto Rico registered limited liability companies, with capacity to sue and be sued.

9. LUMA Energy Servco, LLC by information and belief, is a single member limited liability company duly registered in the Commonwealth of Puerto Rico, with principal offices located in Puerto Rico, that is the co-manager and the operator of Puerto Rico's electrical transmission and distribution system, At the time of the accident described in this complaint, it was the entity that either was the owner of or the one in charge to provide maintenance and repair services to the streetlamps described in this complaint.

10. The sole member of LUMA Energy Servco LLC is LUMA Energy, LLC.

11. X, Y, and Z companies, are the fictitious names used to denominate other Puerto Rico business and/or utility companies that either provide cable, water or other services beneath the area where the manhole is installed, that at the time of

the accident described in this complaint, were either the owners of or the entities obligated to provide maintenance and/or repair services to said manhole cover in the middle of the sidewalk on Calle Iturriaga, Santurce, San Juan, Puerto Rico.

12. A, B, and C insurance companies, are the fictitious names used to denominate the currently unknown insurance companies that, at the time of the accident described in this complaint, had issued and had in full force as per the terms and conditions of their respective insurance policies, insurance contracts to cover the liability of one or more of the defendants and unknown defendants referred to in this complaint for negligence, for the accident described in this complaint. Once their identities are made known by each of the defendants, the complaint may be amended to include the proper insurance company defendants in this complaint.

## II. JURISDICTION

13. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C § 1332 (a)(1)* because this is a case or controversy between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

14. Pursuant to *28 U.S.C. § 1391 (a) (2)*, venue is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

15. The Municipality of San Juan as per 21 Laws of Puerto Rico § 4703, Article 15.003, received proper formal notice via certified mail of the accident suffered by Mr. Joyce object of this complaint, and thus was provided the proper legal notice required for actions against Municipalities within ninety (90) days of the occurrence of the accident.

## III. TOLLING OF THE STATUTE OF LIMITATIONS

16. The accident giving rise to the present case occurred on **February 21, 2026**, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filing the present complaint, the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico.

## IV. THE FACTS AND DAMAGES

17. On February 21, 2026, at approximately 9:45 PM, Mr. Joyce, was walking on the sidewalk with a companion, Ms. Karen L. Spinale, on Calle Iturriaga, Santurce, San Juan, Puerto Rico, near La Placita de Santurce.

18. The area where the incident occurred is located near La Placita de Santurce, a popular commercial and entertainment

area frequently visited by residents and tourists, particularly during the evening hours and weekends.

19. While walking hand in hand with his companion, Mr. Joyce suddenly fell into an uncovered manhole located in the middle of the sidewalk on Calle Iturriaga. The metal round manhole cover was missing, leaving an exposed opening that created a dangerous condition for pedestrians walking through the area.

20. At the time of the incident, the lighting in the area provided by two streetlamps located in the same sidewalk at each end from the uncovered manhole was inadequate, leaving the surrounding sidewalk and in particular the area around manhole cover, dark, with no illumination.

21. The lack of adequate illumination in the area where the manhole was located, significantly reduced visibility and prevented Mr. Joyce from observing the existing dangerous condition of the missing manhole cover.

22. As Plaintiff fell inside the uncovered manhole, his left leg struck a jagged surface inside the opening, causing a deep and severe laceration to the lower portion of his leg. The manhole that was partially full of water, was approximately three and one-half to four feet deep, and Plaintiff fell into it up to the level of his armpits.

23. Upon climbing out of the manhole, Plaintiff was seriously cut, hurt and bleeding, since he had suffered a serious

injury to his left leg. He was bleeding profusely. The interior of the manhole was rusty, dirty, and contained a great amount of water.

24. Despite experiencing severe pain and substantial bleeding, Plaintiff managed to walk with his companion toward the intersection of Calle Iturriaga and Calle Canals to seek assistance. His companion, Ms. Spinale, called 911, and a nearby police officer arrived at the scene while they waited for the ambulance.

25. While waiting for the ambulance, two bystanders assisted Plaintiff by applying pressure to his wound in an effort to control the bleeding. Emergency medical personnel subsequently arrived, stabilized the wound and transported Plaintiff by ambulance to Doctors' Center Hospital in San Juan, Puerto Rico.

26. At the hospital, Plaintiff underwent extensive emergency treatment for his injuries. The severity of the laceration required approximately 62 stitches (interior and exterior), administered by two physicians to close the wound. Plaintiff also received multiple doses of morphine and local anesthetic injections to manage the intense pain.

27. During his treatment, Plaintiff experienced a significant drop in blood pressure, accompanied by profuse sweating and

paleness, requiring immediate attention from the medical personnel.

28. Plaintiff remained in the emergency department for approximately 15 hours before being discharged the following afternoon. Upon returning to his hotel, Plaintiff was unable to walk and required the assistance of a wheelchair to reach his room. He was also prescribed several medications and required bandaging supplies for the continued treatment of his injuries.

29. He continued medical treatment in the State of Massachusetts.

30. A few days after the incident, Plaintiff's large, severe wound laceration became infected, further complicating his recovery and causing additional pain and discomfort to the point that Mr. Joyce feared losing his leg or dying due to the infection.

31. As a direct result of the incident, Plaintiff has suffered significant physical pain, suffering, emotional distress, mental anguish, and difficulty sleeping. The traumatic nature of the accident, the severity of his injuries, and the subsequent complications have substantially affected his physical and emotional well-being.

32. Mr. Joyce, due to the accident and the injuries received, no longer enjoys a number of activities and pleasures of life to

the same extent as he has able to enjoy prior to the accident. His stay in Puerto Rico was ruined.

33. Mr. Joyce as a result of the accident has permanent impairments, residual pain and a very large, unsightly scar.

34. The value of Plaintiff's damages for all of his injuries, past, present, and future pain, suffering, emotional distress, mental anguish, large scar and permanent injuries is estimated in a sum in excess of **THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00)**.

35. **ECONOMIC DAMAGES:** As a result of the injury, Plaintiff has also incurred and will continue to incur additional unwanted expenses, to include medical treatments, evaluations and lien, estimated in a sum in excess of **TEN THOUSAND DOLLARS ($10,000.00)**, a sum that is also owed to the plaintiff by the defendants.

**LIABILITY**

36. The accident resulting in the serious injuries and damages suffered by Mr. Joyce was directly and proximately caused by the fault and negligence of the Defendants, their agents, and/or employees.

37. At all material times, the Municipality of San Juan was responsible for the inspection, maintenance, and repair of the manhole and its cover located in the middle of the sidewalk on Calle Iturriaga, Santurce, San Juan, Puerto Rico.

As such, the Municipality had a duty to maintain said area in a reasonably safe condition for pedestrians.

38. The Municipality of San Juan breached its duty by failing to properly inspect, maintain, cover, repair, and/or replace the missing manhole cover, allowing a dangerous opening to remain exposed in the middle of a public sidewalk without adequate warnings, barriers, or other protective measures. This dangerous condition exposed pedestrians to the risk of falling into the manhole and suffering serious injuries.

39. The Municipality of San Juan for many months knew or should have known that an uncovered manhole on a public sidewalk presented a serious and foreseeable danger to pedestrians. This risk was particularly foreseeable given the proximity of the accident site to La Placita de Santurce, an area frequently visited by residents and tourists.

40. The Municipality's failure to discover and correct the dangerous condition of a missing manhole cover through reasonable inspection and maintenance exposed pedestrians, including Mr. Joyce, to an unreasonable risk of injury.

41. The dangerous condition was further aggravated by the lack of adequate illumination in the immediate vicinity of the uncovered manhole at the time of the accident. At the time and day of the accident, the area surrounding the manhole cover was dark, preventing Mr. Joyce to observe that the

manhole cover was missing. Consequently, Plaintiff was unable to observe the dangerous, exposed opening causing him to fall into the manhole and severely injuring himself in the process.

42. Upon information and belief, Defendants LUMA Energy, LLC and/or LUMA Energy ServCo, LLC were responsible for the operation, inspection, upkeep, maintenance, and repair of the streetlamps serving the area where the accident occurred. As such, LUMA had a duty to properly install and maintain the streetlamp in proper working condition to ensure adequate lighting for pedestrians using the sidewalk at night, particularly in an area frequented by residents and tourists.

43. LUMA breached its duty by failing to properly inspect, maintain, place, and/or repair the streetlamps located in the vicinity of the uncovered manhole, allowing the area surrounding the manhole cover to be dark and dangerous. The failure to provide adequate street lighting further increased the danger by making the exposed manhole opening substantially more difficult for pedestrians to detect, observe and avoid.

44. Upon information and belief, at all material times, the Municipality of San Juan had the exclusive control over the sidewalk, the manhole and its cover, while LUMA, had exclusive control over the placement and the maintenance of

the streetlamps located in the vicinity of the accident site. As such, Defendants were responsible for the inspection, maintenance, and repair of their respective infrastructure and for correcting dangerous conditions that could foreseeably cause injuries to pedestrians.

45. The accident would not have occurred but for the joint fault and negligence of Defendants and their failure to prevent and/or correct the dangerous conditions described herein. The absence of the manhole cover, combined with the complete absence of adequate illumination around the manhole, created a hazardous and dangerous condition that prevented Plaintiff from observing, detecting and avoiding the exposed opening of the manhole.

46. Had Defendants properly inspected, maintained, installed and repaired the infrastructure under their respective responsibilities, the dangerous conditions that caused Plaintiff's accident would have been prevented or corrected. Defendants' negligent acts and omissions directly and proximately caused Plaintiff's fall and the resulting physical injuries, pain, suffering, mental anguish, permanent and other damages claimed herein.

47. Additional unknow defendants, using the infrastructure located under the manhole, are also responsible to the plaintiff for the accident, since they failed to report to

the Municipality of San Juan, the missing manhole cover. At present, more than ten months after the occurrence of the accident, even though the manhole cover is still missing and the dangerous condition still remains, it is not possible to identify said additional defendants (the unknown defendants) without conducting discovery, since the manhole contains a large amount of dark water that prevents observation of users and/or utilities installed under the manhole.

48. As per Article 1536 of the Civil Code of Puerto Rico of 2020, and the allegations raised in this complaint, all defendants are responsible to Mr. Joyce for the accident and all damages suffered by him due to negligence.

49. It is also requested that if a jury, the trier of facts, determines that the Municipality of San Juan, the Luma defendants or both, acted with wanton or gross disregard for the life and safety of Mr. Joyce, that under the provisions of Article 1538 of the Civil Code of Puerto Rico of 2020, that compensatory damages awarded against the offending defendant(s), be doubled.

50. DIRECT ACTION STATUTE: OPTIMA SEGUROS and any other insurance company that eventually appears or is added as a defendant, is directly responsible to the plaintiff for all damages caused as per the insurance policies in effect at the time of the accident.

**51.** Plaintiff demands trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment after jury trial for plaintiff, for the relief demanded, with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 18th day of November, 2026.

**RIVERA-ASPINALL,**
**GARRIGA &**
**FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall, Esq.
USDC PR 208506